JUDGE SULLIVAN

IN THE U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

14 CV 2307



| | |
|---|---|
| LEE HUTSON, individually and d/b/a SILENT GIANT PUBLISHING COMPANY <br><br> Plaintiff, <br><br> v. <br><br> THE ESTATE OF CHRISTOPHER WALLACE individually and d/b/a BIG POPPA MUSIC, NOTORIOUS B.I.G., LLC, OSTEN HARVEY, JR. p/k/a EASY MO BEE, JANICE COMBS PUBLISHING, INC. d/b/a JUSTIN COMBS PUBLISHING, BIG POPPA MUSIC, EMI APRIL MUSIC, INC., EMI MUSIC PUBLISHING, INC. BAD BOY ENTERTAINMENT, INC. individually and d/b/a BAD BOY RECORDS, WARNER MUSIC GROUP CORP., UNIVERSAL MUSIC GROUP, INC. <br><br> Defendants | CIVIL ACTION FILE NO. |

## COMPLAINT

COMES NOW Plaintiff, and brings this Complaint against Defendants and alleges as follows:

### THE PARTIES

1

1.

Plaintiff Lee Hutson is an individual residing at 20009 NE 6th Court Circle, Miami, Florida 33179. Plaintiff does business as Silent Giant Publishing Company ("SGP") at the same address.

2.

Upon information and belief, Defendant Notorious B.I.G., LLC is a Delaware limited liability company and may be served Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

3.

Upon information and belief, Defendant the Estate of Christopher Wallace is in care of Voletta Wallace, an individual located at 183 Chatham , Hill Road, Lot 15, Stroudsburg, Pennsylvania  18360-6625, Faith Evans Wallace, an individual located at 5 Eliot Court, Teaneck, New Jersey  07666-6468, and Wayne Barrow, an individual located in care of Bystorm Entertainment, Inc., 550 Madison Avenue 10th Floor, New York, N.Y.  10022

4.

Upon information and belief, Defendant Osten Harvey, Jr., p/k/a Easy Mo Bee is an individual residing at 11120 201st Street,  Saint Albans, N.Y. 11412-2140.

5.

Upon information and belief, Defendant Bad Boy Entertainment, Inc. does business as Bad Boy Records (collectively, "Bad Boy"), and is a corporation which may be served at 1710 Broadway, New York, New York, 10019.

6.

Defendant Warner Music Group Corp. is located at 75 Rockefeller Plaza, New York, New York, 10019 and may be served in care of CT Corporation System, 111 Eighth Avenue, New York, New York, 10011.

7.

Janice Combs Publishing, Inc. d/b/a Justin Combs Publishing has no registered agent, but its agent for DOS process is C/O Grubman Indursky & Schindler, P.C., Att: Kenneth R. Meiselas Esq., 152 West 57th St., 31st Floor, New York, New York, 10019. Defendant Big Poppa Music and Justin Combs Music are administered by Defendant EMI April Music, Inc. Defendant EMI April Music, Inc. is owned by Defendant EMI Music Publishing, which is located at 75 9th Ave., Floor 4, New York, NY 10011 and may be served c/o Corporation Service Company, 80 State Street, Albany, New York 12207-2543.

8.

3

Universal Music Group, Inc. ("Universal") is a Delaware corporation and may be served through its registered agent in New York, C T Corporation System, 111 Eighth Avenue, New York, New York 10011.

## VENUE AND JURISDICTION

9.

This action seeks damages and injunctive relief under the copyright laws of the United States of America, 17 U.S.C. §101 *et seq.* Jurisdiction over the copyright claim is conferred upon this Court pursuant to 28 U.S.C. §§1331 and 1338. Additionally, pursuant to 42 USC §1332 this Court has jurisdiction over this action, in that this is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

10.

Venue is proper in this District pursuant to 28 USC §1391(b) and (c) and §1400(a). Most of the defendants are located and the corporate defendants do business here. All or a substantial part of the events or omissions giving rise to the claim occurred here.

## FACTS COMMON TO ALL COUNTS

11.

Plaintiff Lee Hutson ("Hutson") is an internationally recognized singer and songwriter.[1]  Early in his career, Hutson joined The Mayfield Singers led by the legendary Curtis Mayfield, and was mentored by him.  Mayfield personally chose Hutson to be his replacement as the lead singer of his group, the Impressions, when he left the group in 1971.  Hutson was a recording artist signed to Mayfield's Curtom Records from 1973 through 1979.

12.

Plaintiff Hutson has had a successful solo career, releasing eight albums during the 1970's.  His music is revered today, and he has been characterized as "the best-kept secret of '70s Soul," most recently noted in the June 29, 2006 issue of *Rolling Stone* magazine.

13.

Over the past decade, a number of prominent hip-hop and rhythm and blues artists have discovered Mr. Hutson's music and licensed it as "samples" which they have used in their sound recordings, including but not limited to international superstars T.I., Bone Thugs –n- Harmony, Erykah Badu and Snoop Dogg.

14.

---

[1] In 1995, Hutson legally changed his name from Leroy Hutson to Lee Hutson in a Final Judgment of Name Change filed in the Circuit Court of the 11th Judicial Circuit in and for Dade County, Florida.

Plaintiff administers and controls all rights in and to the master sound recordings featuring the performances of Hutson as well as the compositions written by him through his sole proprietorship, SGP. SGP sometimes does business as "I Got Music." Plaintiff also administers and controls all rights in compositions written by Michael Hawkins through SGP.

15.

Plaintiff Hutson and Michael Hawkins are the composers of "Can't Say Enough About Mom" (the "Composition") and Plaintiff (doing business as SGP) registered it with the United States Copyright Office, Copyright Registration EU 451200, originally registered on Dec. 03, 1973.[2]

16.

The Master recording of the Composition (the "Master") featuring Plaintiff's vocal performance was embodied on Plaintiff's album entitled "The Man," released by Mayfield's label, Curtom Records, in 1973 (Copyright Registration RE 930-191).

17.

---

[2] The other claimant in the registration, AOPA Publishing Company, was an Illinois company owned by Curtis Mayfield and Marvin Heiman, both deceased. AOPA's rights and interest in the Composition were terminated in 1992 and all rights were returned to Plaintiff.

Plaintiff is the owner of the Master pursuant to a Master Transfer Agreement from Curtom Records, Inc., dated March 15, 1989, which was filed with the United States Copyright Office in Certificate of Registration Form V3606 DO77. Plaintiff filed his renewal registration for copyright in the Master on August 14, 2007 and has a Certificate of Registration from the Copyright Office in his name.

18.

Christopher George Latore Wallace ("Wallace"), best known as The Notorious B.I.G., Biggie or Biggie Smalls, was an American rapper who died in 1997. Defendant Notorious B.I.G., LLC is his legal representative.

19.

*Ready to Die* (the "Album") was the debut album of Wallace, released September 13, 1994 on Defendant Bad Boy. It was certified as a multi-platinum selling recording. Defendants Bad Boy Entertainment, Inc., d/b/a Bad Boy Records, as a joint-venturer with Arista Records, Inc., commercially released the album, and a version of the album with additional content was later re-released in or about 2004 and distributed by Defendant Universal or its former subsidiary, Universal Records.

20.

The Album is currently distributed by Defendant Warner Music Group Corp.

21.

The Album was released featuring numerous unlicensed "samples" of master recordings not owned or controlled by Wallace or Bad Boy. In 2002, Bridgeport Music, Inc. and Westbound Records, Inc. won a federal lawsuit against Bad Boy for copyright infringement, with a jury deciding that Bad Boy had illegally used samples in the production of the songs "Ready to Die", "Machine Gun Funk", and "Gimme the Loot." All versions of the Album released since that lawsuit do not contain the disputed samples.

22.

In 2012, Plaintiffs discovered that one of the songs on the Album, entitled "The What," contains a portion of the Master embodying the Composition. The sample was not licensed, and was included without Plaintiffs' knowledge or permission.

23.

"The What" was produced by Defendant Osten Harvey, Jr. p/k/a "Easy Mo Bee" ("Harvey"). The credited writers for the composition "The What" were Defendant Wallace (whose intellectual property rights are now

controlled and managed by Defendant Notorious B.I.G., LLC), "C. Smith" and Defendant Harvey.

24.

The music publishers for "The What" are Defendants Big Poppa Music and Janice Combs Publishing, Inc. d/b/a Justin Combs Publishing, which are administered by Defendant EMI April Music, Inc., as well as Defendant EMI April Music, Inc., which is owned and controlled by Defendant EMI Music Publishing.

25.

Defendants have copied, performed, distributed and/ or sold the Composition and the Master (as embodied in "The What") without permission of the copyright owner.

26.

"The What," featuring the unlicensed sample of the Master, has been sampled on nineteen (19) different sound recordings which have been commercially released, including on master recordings released by major recording artists Lil' Kim, LL Cool J, Puff Daddy and Naughty by Nature.

27.

Defendant Bad Boy has licensed and/ or otherwise permitted the sampling of "The What."

28.

"The What" contains a sample of the Master which was not authorized by Plaintiffs.

29.

Noted musicologist Dr. Earl Stewart compared the Master with "The What" independently, and affirms a clear infringement that he characterized as "irrefutable." Other music experts around the world have acknowledged the sample, and the sampling is consistently acknowledged on internet sites which identify source material for recordings.

30.

Plaintiff contacted attorney for Defendant Bad Boy in July 2012 stating that they required a license for the Master; Bad Boy did not respond to the request and did not obtain the license. Additional demands were sent on March 28, 2013 and November 25, 2013.

31.

SGP sent Bad Boy a letter on January 14, 2013 demanding that Bad Boy cease and desist from all "licenses, sales, distributions and all other uses" of recordings containing the Master, as well as requiring payment for all such uses.

32.

Bad Boy failed to respond to SGP's letter, and has continued its sales and distribution of "The What."

## COUNT 1
## COPYRIGHT INFRINGEMENT AGAINST ALL DEFENDANTS

33.

Plaintiff incorporates herein each and every allegation contained in paragraphs 1 through 32 as if such allegations were set forth herein in their entirety.

34.

Plaintiff is and at all relevant times has been the copyright owner of exclusive rights under United States copyright law with respect to the Composition and Masters.

35.

Among the exclusive rights granted to the Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Composition and Master, and to distribute them to the public.

36.

The Defendants, without the permission or consent of Plaintiff, have reproduced and distributed, and/ or licensed the reproduction and distribution

to the public, the Composition and Master. In doing so, each Defendant has violated Plaintiff's exclusive rights under 17 U.S.C. §101 *et seq.*

37.

Defendants' actions constitute infringement of Plaintiff's copyright and/or exclusive rights under copyright. The foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

38.

As a result of the Defendants' infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. §504(c) against each Defendant for each infringement by the Defendant of the Copyrighted Compositions.

39.

In the alternative, Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' acts of copyright infringement. Plaintiff is at present unable to ascertain the full extent of the monetary damage Plaintiff has suffered by reason of Defendants' acts of copyright infringement but believe such damages exceed $150,000.00.

40.

Plaintiff is further entitled to recover from Defendants the gains,

profits and advantages they obtained as a result of their acts of copyright infringement. Plaintiff is at present unable to ascertain the full extent of the gains, profits, and advantages Defendants have obtained by reason of their acts of copyright infringement, but Plaintiff is informed and believe that Defendants have obtained such gains, profits, and advantages in an amount exceeding $150,000.00.

## COUNT 2
## INJUNCTIVE RELIEF AND IMPOUNDMENT AGAINST ALL DEFENDANTS

41.

Plaintiff incorporates herein each and every allegation contained in paragraphs 1 through 40 as if such allegations were set forth herein in their entirety.

42.

The conduct of the Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Pursuant to 17 U.S.C. §502, Plaintiff is entitled to injunctive relief prohibiting the Defendants from further infringing Plaintiff's copyrights.

43.

An injunction should be granted because immediate and irreparable injury, loss or damage will result to the Plaintiff if the actions of Defendants are not enjoined. Without such an order, Plaintiff has no adequate remedy at law to prevent Defendants' continued use, exploitation and profiting from his Work. Plaintiff will suffer immediate and irreparable damage to his career and livelihood.

44.

Additionally, pursuant to 17 U.S.C. §503, Plaintiff requests while this action is pending the impounding of all copies or phonorecords claimed to have been made or used in violation of the exclusive right of Plaintiff, the impounding of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies or phonorecords may be reproduced, and the impounding of records documenting the manufacture, sale, or receipt of things involved in any such violation.

45.

Therefore, Plaintiff requests an Order immediately restraining Defendants from all use of "The What," including from copying and distribution, and the impounding as set forth herein.

## COUNT 3
## ATTORNEY'S FEES AGAINST ALL DEFENDANTS

46.

Plaintiff incorporates herein each and every allegation contained in paragraphs 1 through 45 as if such allegations were set forth herein in their entirety.

47.

Plaintiff is entitled to collect full costs, and reasonable attorney's fees, pursuant to 17 U.S.C. § 505.

48.

Plaintiff has incurred legal fees and is entitled to his reasonable attorneys' fees, to be proven at trial.

## COUNT 4
## PREJUDGMENT INTEREST AGAINST DEFENDANTS

49.

Plaintiff incorporates herein each and every allegation contained in paragraphs 1 through 48 as if such allegations were set forth herein in their entirety.

50.

Plaintiff is entitled to recover from Defendants prejudgment interest from the date that Defendants' infringement occurred.

WHEREFORE, Plaintiff prays that:

(a) this Court grant to Plaintiff the relief sought in Count One against Defendants jointly and severally for Copyright Infringement and award to Plaintiff for statutory damages for each infringement of the Composition and the Master pursuant to 17 U.S.C. §504; and

(b) this Court grant to Plaintiff the relief sought in Count Two against Defendants jointly and severally and

    (i) grant to Plaintiff an injunction providing, "Defendants shall be and hereby is enjoined from directly or indirectly infringing Plaintiff's rights under federal law in the Composition, except pursuant to a lawful license or with the express authority of Plaintiff" and

    (iii) grant to Plaintiff an Order impounding of all copies or phonorecords claimed to have been made or used in violation of the exclusive right of Plaintiff, the impounding of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies or phonorecords may be reproduced, and the impounding of records documenting the manufacture, sale, or receipt of things involved in any such violation; and

(c) this Court grant to Plaintiff the relief sought in Count Three against Defendants jointly and severally for Attorney's Fees;

(d) this Court grant to Plaintiff the relief sought in Count Four against Defendants jointly and severally for prejudgment interest;

(e) Plaintiff be awarded the costs and disbursements of this action, together with reasonable attorneys' fees;

(f) Plaintiff receive a trial by a jury; and

(g) Plaintiff has such other and further relief as this Court may deem just and proper.

Respectfully submitted this 2nd day of April, 2014.

_____
ANTHONY MOTTA (AM-1648)
Attorney for Plaintiff
50 Broadway, Suite 2202
New York, N.Y. 10004
Tel: (212) 791-7360
Fax: (212) 791-7468


Alan S. Clarke
Attorney for Plaintiff
*Motion to be admitted Pro Hac Vice to be filed*

Georgia Bar Number 128225
The Entertainment Law Group
Alan S. Clarke & Associates, LLC
3355 Lenox Road, Suite 750
Atlanta, Georgia 30326
(404) 816-9800 telephone
(404) 816-0555 facsimile
aclarke@entertainlaw.com